IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KHALID AUSTIN MAHAMMEND, <br> RENARDO WHITEHEAD, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL GALBRAIPH, <br> SGT. NEAL, <br> SGT. MORGAN, <br> SGT. EMIN, <br> SGT. BRISBON, <br> OFFICER OLDS, <br> OFFICER ALSTON, <br> SGT. ROSE, <br> GAIL WATTS, <br> RENARD BROOKS, <br> EBB, <br> HICKS, <br> SGT. R. McDOWELL, <br><br> Defendants. | Civil Action No.: ELH-21-3099 |

**MEMORANDUM**

Self-represented plaintiffs Khalid Austin Mahammend and Renardo Whitehead, both of whom are incarcerated, filed the above-caption Complaint, asserting that a detainer was improperly lodged against Mahammend for escape by the Harford County Detention Center. ECF 1. No filing fee or a motion seeking its waiver accompanied the Complaint. For reasons explained below, the Complaint must be dismissed.

The Complaint is signed by Mahammend and all of the allegations raised appear to relate only to him. *Id*. at 6. Thus, to the extent Whitehead joins in this Complaint, it fails to state any claim that Whitehead has standing to pursue. "[A]t an irreducible minimum, Article III requires the party who invokes the court's authority to show that he personally has suffered some actual or

threatened injury as a result of the putatively illegal conduct of the defendant and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).

As relief, Mahammend seeks monetary damages, release from the Harford County detainer, and the dismissal of charges filed against him in Baltimore County. ECF 1 at 6. He states that he has never been held in the Harford County Detention Center and therefore does not understand how an arrest warrant for escape could be issued against him. *Id*. at 3. He challenges the validity of the arrest warrant and states that the detainer is harming his ability to access a lower security classification while in the Department of Correction. *Id*.

Mahammend's attempt to litigate the validity of the escape charge against him through this civil suit must fail. To the extent that the escape charge remains open and pending against Mahammend, this court must abstain from interfering in those proceedings.[1] Under *Younger v. Harris*, 401 U.S. 37 (1971), the *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008).

---

[1] Under Md. Code, Corr. Svcs § 8-502 *et seq*. Mahammend may file a request for final disposition of any untried indictment or warrant filed against him as a detainer.

2

"*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted). "Circumstances fitting within the *Younger* doctrine, . . . include . . . 'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989)).

To the extent that Mahammend has already been tried and found guilty of the escape charge, the claim asserted is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which precludes 42 U.S.C. §1983 claims impugning the legality of criminal convictions. Unless or until the conviction is overturned, Mahammend may not pursue such a civil claim. A complaint that falls within the purview of *Heck* must be dismissed, without prejudice.

Moreover, the Complaint contains no allegations against the named defendants. Rather, Mahammend simply lists them in the caption of the Complaint. Although a Complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level, and requires "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the Complaint. *Id*. at 561. Here, the Complaint does not specify the defendants, why they have been named, or what they are alleged to have done.

Accordingly, by separate Order which follows, the Complaint shall be dismissed, without prejudice.

December 10, 2021  /s/
Date  Ellen L. Hollander
United States District Judge